## DR. W. K. FOUTS V. THE STATE.

### No. 3712.    Decided February 13, 1907.

**1.—Occupation Tax—Medical Specialist—Repeal of Statute.**

In a prosecution of a medical specialist for failing to pay occupation tax under subdivision 13 of the Act of the Twenty-fifth Legislature, which act was afterward amended by the Act of the Twenty-sixth Legislature, page 320, which repealed subdivision 14 of said former act, relating to the tax on local physicians. Held, that said section 13 was not repealed and the tax as to traveling physicians remained in force.

**2.—Same—License—Statutes Construed—Receipt.**

Under article 112, Penal Code, the defendant who was a medical specialist, charged with pursuing his occupation without first having paid the taxes or procured license to pursue said occupation, could be legally prosecuted and convicted. A receipt for the occupation tax is regarded as a license.

**3.—Same—Statement of Facts.**

Where the record on appeal did not contain any authority for the filing of the statement of facts after the adjournment of court the same could not be considered, and the question of the insufficiency of the evidence could not be reviewed.

Appeal from the County Court of Young. Tried below before the Hon. J. W. Aiken.

Appeal from a conviction of a violation of the occupation tax law; penalty, a fine of $75.

The evidence showed that the defendant was a medical specialist having his office and headquarters in the City of Dallas, and that he made periodical trips to other counties to practice his profession, and where he would remain for about two weeks at each place, establishing himself at a hotel and having his place of business at his room in said hotel; that an assistant would go out from the said hotel and ascertain the names of persons afflicted with chronic disease, call on them and recommend them to the defendant for treatment; that if they could not call on him he would visit their homes, contract with them, and send them their medicines from headquarters at Dallas; that he had visited in this way three patients in Young County, about the time charged in the indictment; that he practiced for pay; that he had not paid his occupation tax in Young County as a traveling medical specialist; the clerk had issued no license to him; that the tax was levied, and that he had license to practice from a reputable medical college.

*W. H. Usery* and *J. E. Thomas,* for appellant.—The evidence showed that the defendant was not a traveling specialist; citing, Hairston v. State, 36 Texas Crim. Rep., 470; Broiles v. State, 5 Texas Ct. Rep., 231; Adams v. State, 45 Texas Crim. Rep., 566.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—By the Act of the Twenty-Fifth Legislature a tax was levied upon doctors and surgeons who traveled as specialists in the practice of their profession. By virtue of sub-division 13 of said act this tax was levied and the following section 14 levied a tax upon the same class but who practiced their profession only locally. So it will be observed that the difference between the two sections or subdivisions of said occupation tax law is found in the fact that one class applies to traveling physicians, etc., while the other applies to local physicians. By the Act of the Twenty-Sixth Legislature, page 320 of the acts of that body, sub-division 14 was repealed. It related only to that particular clause of the Act of the Twenty-Fifth Legislature which pertained to the physicians, etc., who were localized in their practice. It is contended that by the repeal of said sub-division 14, the provisions of the repealing act are sufficiently broad and comprehensive to repeal sub-division 13 with reference to traveling physicians. Such was not the intention of the Legislature. By the terms of the Act of the Twenty-Sixth Legislature sub-division 14 is specifically enumerated and only subdivision 14 is mentioned as having been repealed. There is nothing in the contention of appellant, therefore, that the act as to traveling physicians was repealed.

It is also urged that there is no license law under which appellant can be punished, because the license is not particularly described. We cannot assent to that proposition. Article 112, Penal Code, provides: "Any person who shall pursue or follow any occupation, calling or profession, or do any act taxed by law, without first obtaining a license therefor, shall be fined in any sum not less than the amount of the taxes due, and not more than double that sum." Unless the law specifically prescribes what a license is or may contain, a receipt for the occupation tax is regarded as a license, and unless the Legislature prescribed otherwise, a receipt for the tax will operate as a license.

Appellant urges insufficiency of the evidence to bring him within the terms of the law. This question cannot be reviewed or discussed because the facts are not before us. There is what purports to be a statement of facts in the record, but it was not filed in the trial court, and was not approved until after the adjournment of court. The record does not contain any authority for the filing of the statement after the adjournment of court. So this question will not be reviewed. As the record is presented, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

March 20, 1907.

DAVIDSON, PRESIDING JUDGE.—The judgment, on a former day of this term, in this case was affirmed. We find among the papers what is supposed to be appellant's motion for rehearing, which is not signed by appellant or his attorneys. Treating it as an oversight on the part of the attorneys failing to sign this motion, we do not find anything stated in it which requires a revision of the case. The affirmance occurred without reference to the statement of facts because filed out of term time and the record does not contain the necessary order for that purpose. This unsigned and unsworn application before us for rehearing states that there was an order made but it was not entered of record; in fact, it was never entered in the minutes of the court. If the order had been entered upon the minutes or the court's docket, it would have afforded a sufficient reason for this court to entertain said statement of facts, but as the matter is presented, the motion for rehearing is overruled.

*Overruled.*